(*Burdick* v. *Cheadle*, 26 O. S., 393; *Langebaugh* v. *Anderson,* 68 O. S., 130, at 150.)

We find no error in the judgment and proceedings below.

Judgment affirmed.

---

## UNLAWFUL SALES OF INTOXICATING LIQUOR.

Circuit Court of Trumbull County.

THE STATE OF OHIO v. JOHN A. FULLER.

Decided, October Term, 1910.

*Liquor Laws—Knowledge of Sales Contrary to the Rose Law Not Necessary on the Part of the Proprietor of the Place, When—Section 6108, et seq.*

In a prosecution under Section 2 of the act of March 5, 1908 (99 O. L., 35), for keeping a place where intoxicating liquors are sold contrary to the provisions of said section, it is not necessary to prove actual knowledge on the part of the keeper of the premises of unlawful sales of liquor made thereon, where such sales were made by one placed by him in charge of the premises.

*G. P. Gillmer* and *W. G. Baldwin,* for plaintiff.
*Warren Thomas,* contra.

METCALFE, J.; TAGGART, J. (of the Fifth Circuit sitting in place of Fillius, J.), and LAUBIE, J., concur.

The defendant, John A. Fuller, was charged before a magistrate with the offense of keeping a place for the sale of intoxicating liquors contrary to the provisions of what is commonly known as the "Rose county local option law." He was convicted before the magistrate. The judgment of the magistrate was reversed by the common pleas court on error and error is prosecuted in this court to that judgment of reversal. The journal entry in the common pleas court does not state the ground upon which the reversal was made, so we assume generally that it was either upon the weight of the evidence or upon the law as applied by that court to the case.

Mr. Fuller was the keeper of the Park Hotel in Warren at the time this charge was made. There is a room in the hotel which was formerly used as the bar room, and at the time the alleged illegal sales were made it was used as a pool room and for the sale of soft drinks, and was in charge of a man named Goldie. Two detectives testify in the case that they purchased liquor of Goldie upon several different occasions, and that the liquor which they purchased was drank upon the premises by them and others. We think from the exidence that the magistrate was fully warranted in finding that the sales were made by Goldie at the time and place charged, but we are not prepared to say that the evidence shows beyond a reasonable doubt that Mr. Fuller had knowledge of those sales. The conclusion we have reached, however, is that it is immaterial whether or not he had actual knowledge of sales made on the premises by the person placed by him in charge thereof, for we are convinced that it is the intention of the law to charge the keeper of the premises where unlawful sales of liquor are made by a person placed in charge thereof with knowledge of the sale, and to make him responsible therefor.

Section 2 of the "Rose law" contains the following provision:

"From and after thirty days from the date of holding said election it shall be unlawful for any person, personally or by agent, within the limits of such county to sell, furnish or give away any intoxicating liquors to be used as a beverage, or to keep a place where such liquors are kept for sale, given away or furnished for beverage purposes; and whoever from and after thirty days aforesaid violates any of the provisions of this act or in any manner directly, or indirectly, sells, furnishes, or gives away or otherwise deals in any intoxicating liquors as a beverage or keeps a place, structure or vehicle either permanent or transient for such selling, furnishing or giving away, or in which or from which intoxicating liquors are sold, given away or furnished, or otherwise dealt in as aforesaid, shall be guilty of a misdemeanor."

It may be doubted whether the words "personally or by agent" are sufficient to charge the defendant with the responsibility for the acts of Goldie done without the defendant's knowledge, for the word "agent" in this connection might well refer to one employed for the express purpose of making sales on behalf of

his principal. However that may be the subsequent provision "keeps or uses a place, structure or vehicle * * * in which or from which intoxicating liquors are sold" seems to indicate a clear intention on the part of the Legislature to place upon the keeper of the place where intoxicating liquors are sold a direct responsibility for the acts of his agent in charge of the place when such liquors are sold. See *Huffcutt on Agency*, page 324, latter part of Section 265.

Mr. Fuller was the keeper of the Park Hotel; he put a man in charge of a room therein, and in that room intoxicating liquors were sold by the person placed in charge of it, and consequently the defendant is liable under the provisions of Section 2. The judgment of the court of common pleas is reversed and that of the magistrate affirmed.